# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TAMARA KOSCHNITZKE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-20-645-AMG |
| | ) |
| **KILOLO KIJAKAZI,** | ) |
| **ACTING COMMISSIONER OF** | ) |
| **SOCIAL SECURITY,**[1] | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tamara Koschnitzke ("Plaintiff"), brings this action for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB"). (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR"). (Docs. 13, 14). The parties have briefed their respective positions (Docs. 19, 23).[2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 16, 18). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

## I.   The Disability Standard and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).  A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see also id.* §§ 404.1502(a), 404.1513(a).  A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process).  To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment

or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing his past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). If the Plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of her age, education, and work experience." *Id*. "The claimant is entitled to disability benefits only if he is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct.

---

[3] RFC is "the most [a claimant] can do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1).

3

1148, 1154 (2019) (internal quotation marks and citation omitted). When supported by substantial evidence, an ALJ's factual findings "'shall be conclusive.'" *Id*. Under this deferential standard, the court "defers to the presiding ALJ, who has seen the hearing up close." *Id*. at 1157. A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the Court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History

Plaintiff filed an application for DIB on May 18, 2016, alleging a disability onset date of October 31, 2011. (AR, at 43-45). The SSA denied the application initially and on reconsideration. (*Id.* at 70-73, 75-82). An administrative hearing was then held on October 13, 2017. (*Id.* at 31-42). The Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id.* at 11-30). The Appeals Council denied Plaintiff's request for review. (*Id.* at 1-6).

Plaintiff thereafter filed a complaint with this Court seeking judicial review of the Commissioner's decision, and the Commissioner motioned the Court to reverse and

remand the case for further administrative proceedings. (*Id*. at 955-58). On remand, the ALJ held a second administrative hearing on February 14, 2020. (*Id*. at 921-54). The ALJ then issued a second decision on March 10, 2020, finding that Plaintiff was not disabled. (*Id.* at 887-910). The ALJ's second decision is the final decision of the Commissioner. *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

## III. The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 31, 2011, the alleged onset date, through September 30, 2015, her date last insured. (AR, at 892). At Step Two, the ALJ determined Plaintiff suffers from the severe impairments of inflammatory polyarthropathy, obesity, and migraines.[4] (*Id.*) At Step Three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 894). The ALJ then determined that Plaintiff had the RFC to perform the full range of light work as defined in 20 C.F.R. 414.1567(b). (*Id.* at 897). At Step Four, the ALJ found Plaintiff has no past relevant work. (*Id.* at 903). At Step Five, in reliance on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could have performed through the date last insured. (*Id.*) Therefore, the ALJ concluded that Plaintiff was not disabled for purposes of the SSA. (*Id.* at 904).

---

[4] The ALJ also found Plaintiff's Early Fuch's Dystrophy, gastro-esophageal reflux disease, allergic rhinitis, irritable bowel syndrome, and trigeminal neuralgia were non-severe impairments. (AR, at 893).

## IV.     Issues Presented for Judicial Review

Plaintiff contends the ALJ erred by failing to consider a March 13, 2013, statement ("2013 statement") and by improperly weighing a July 31, 2015, medical opinion ("2015 opinion"), both by treating physician Dr. Manuel Calvin, MD, regarding Plaintiff's alleged need to avoid exposure to sun and/or UV light.  (Doc. 19, at 3).  The Commissioner contends the ALJ reasonably weighed the 2015 opinion and properly did not consider the 2013 statement.  (Doc. 23, at 4-8).

## V.     Analysis

### A.     Requirements for Consideration of a Treating-Physician Opinion

By regulation,[5] a treating source's medical opinion generally is given "more weight" than that of a non-treating source.  20 C.F.R. § 404.1527(a)(2), (c)(2); *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).  Under Tenth Circuit authority, the evaluation of a treating physician's opinion follows a two-step procedure.  *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).  First, the ALJ must determine whether the treating physician's opinion should be given "controlling weight" on the matter to which it relates.  *See id.*; 20 C.F.R. § 404.1527(c)(2).  The medical opinion of a treating physician must be given controlling weight if it is both "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 404.1527(c)(2); *Watkins*, 350 F.3d at 1300 (applying

---

[5] Because Plaintiff's claim was filed on May 18, 2016, the Court evaluates Plaintiff's case under the regulations, related case law, and Social Security Rulings that were applicable to claims filed before March 27, 2017.

SSR 96-2p, 1996 WL 374188, at *2 (July 2, 1996)).  Second, if the ALJ has determined that the medical opinion of a treating physician is <u>not</u> entitled to controlling weight, the ALJ must determine what lesser weight should be afforded the opinion.  *See Watkins*, 350 F.3d at 1300-01; *Langley*, 373 F.3d at 1119.  The determination of how much deference to afford a treating-physician opinion not entitled to controlling weight should be made in view of a prescribed set of regulatory factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1301 (internal quotation marks omitted); 20 C.F.R. § 404.1527(c)(2)-(6).

The ALJ must both consider the factors and provide "good reasons" for the weight he or she ultimately affords the opinion.  20 C.F.R. § 404.1527(c)(2).  The ALJ's decision "'must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Watkins*, 350 F.3d at 1300 (quoting SSR 96-2p, 1996 WL 374188, at *5).  If the ALJ chooses to "reject[ ] the opinion completely, he must then give specific, legitimate reasons for doing so."  *Id*. at 1301 (internal quotation marks omitted).

**B.     Discussion**

The ALJ considered Dr. Calvin's 2015 opinion as follows:

> Pursuant to the District Court remand order, the undersigned further considered Dr. Calvin's opinion on July 31, 2015, that the claimant needed to avoid exposure to sun and UV light (6F/11). Dr. Calvin clearly provided this limitation based on the claimant's report that "She also has noticed that exposure to sun causes her to hurt more, [sic] redness, and fatigue" (6F/10). Further, how does Dr. Calvin define "avoid exposure?" Does it mean the claimant can never be exposed to sun and UV light? Does it mean the claimant should avoid concentrated exposure? The vagueness of the limitation, in combination with the fact that Dr. Calvin provided it based on the claimant's subjective complaints, makes it difficult to assign it anything other than little weight. Too, the claimant testified that all kinds of light trigger her migraines, yet Dr. Jenkins, who was treating the claimant for migraines, did not provide any such sun and UV light limitation in his treatment records through the date last insured (5F).

(AR, at 902).

The ALJ performed the required analysis for a treating-physician opinion. He articulated that he gave Dr. Calvin's 2015 opinion "little weight" rather than "controlling weight." Indeed, he found that the opinion was supported solely by Plaintiff's subjective complaints, *i.e.,* not by "medically acceptable clinical and laboratory diagnostic techniques." Moreover, the ALJ found the 2015 opinion inconsistent with the medical opinion of Dr. Jenkins. The lack of evidentiary support for the opinion and its inconsistency with other record evidence, along with the vagueness of the limitation as to time parameters, were factors that the ALJ considered and sufficiently specific reasons he provided for affording the opinion "little weight." Plaintiff's arguments amount to no more than a request to reweigh the evidence, which is not this Court's role. *Deherrera v. Comm'r, SSA*, 848 F. App'x 806, 810 (10th Cir. 2021). This Court must defer to the ALJ,

who was entitled to resolve the evidentiary conflicts. *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016).

Plaintiff additionally argues that the ALJ erred by failing to consider Dr. Calvin's 2013 statement regarding Plaintiff's migraines that she should "continue to limit exposure with environental [sic]." (AR, at 665). But as Defendant notes, "[i]t is not immediately clear what Dr. Calvin thought Plaintiff should limit her exposure to." (Doc. 23, at 8). Indeed, the statement appears to be incomplete or at least incomprehensibly vague. Plaintiff's argument additionally fails because Dr. Calvin's statement is not a "medical opinion" as defined by Social Security regulations. Social Security regulations define "medical opinions" as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). For an ALJ to evaluate and assign weight to a medical opinion, a physician must provide a "judgment" about the nature and severity of a claimant's limitations or "information" about the activities he or she could still perform despite these limitations. *Cowan v. Astrue*, 552 F.3d 1182, 1189 (10th Cir. 2008) (noting that without "judgment about the nature and severity of [Plaintiff's] physical limitations," the statement of a doctor was not a "true medical opinion"). Dr. Calvin's 2013 statement does not meet this threshold. It is true that the ALJ's opinion did not explain his consideration of or decision to disregard the statement. However, even though "ALJs must sufficiently explain the reasons for their rulings," the Tenth Circuit has cautioned against a strict construction of this requirement when, "based on a reading of the ALJ's decision

as a whole, [it] would lead to unwarranted remands needlessly prolonging administrative proceedings." *Wall v. Astrue*, 561 F.3d 1048, 1069 (10th Cir. 2009).

For the foregoing reasons, the Court finds no error in the ALJ's consideration of Dr. Calvin's 2015 opinion or 2013 statement.

## VI. Conclusion

For the reasons discussed above, the Court **AFFIRMS** the decision of the Commissioner.

ENTERED this 3rd day of March, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE